M'KNIGHT & BRADY *v.* WELLS.

1. When the record shews facts which may warrant a finding either one way or the other, according as extrinsic circumstances incline, the Court will not reverse a judgment because a new trial was refused.
2. It is the duty of the Circuit Courts to instruct the jury on all principles of law applicable to the facts in evidence, but the bill of exceptions must shew what instructions were given or refused, to enable this Court to correct the error.

APPEAL from the Circuit Court of St. Louis county.

COOK, J., delivered the opinion of the Court.

This was an action of detinue by Wells, against the appellants, to recover the boy Dick, in the declaration mentioned. The defendants plead *non detinet*, and, after verdict for the plaintiff, moved for a new trial, and excepted to the opinion of the Circuit Court refusing it.

The bill of exceptions contains the evidence on both sides, and is the foundation of the points relied on here. It is objected, however, by the counsel for the appellee, that no decision of the Circuit Court, granting or refusing a new trial, is subject to be *revised* by this Court. On this point, there are decisions both ways, and this (14) Court deem it not material in this case to determine on which side the weight of authority lies. As this is an appeal under the statute which provides, that, on such appeals, it shall be the duty of the Court to examine the record and award a new trial—reverse or affirm the judgment of the Court below, or give such judgment as that Court ought to have given, according to justice, the appeal, according to the statute, is matter of right, and on such appeal it is the duty of the Court to examine the whole record, and correct any error which may exist. But a rule indiscriminately subjecting the decisions of the Circuit Court, in matters to be decided by an exercise of discretion alone, to the revision of another tribunal, which could not be correctly informed of the facts and circumstances which might, with propriety, influence the Circuit Courts in the exercise of such discretion, and one which would indiscriminately exempt all decisions of these Courts, on application for a new trial, from the revising power of this Court, notwithstanding such decision may be founded on, or involve settled and established principles of law, appear to this Court equally inconvenient and unreasonable; and it appears to this Court that those decisions which seem to deny to the appellate Court, the power of revising such judgments of the inferior Courts, are founded on the former description of case; and when the principle is broadly laid down, that such decisions are not subjects of revision, the Court would, perhaps, be better understood to mean, that such decision, in the particular case, was not a subject of error, being the result of the exercise of discretion on facts and circumstances which cannot, in the nature of things, be correctly detailed in the record, and the record presenting a state of facts which may warrant a finding for the one party or the other, as extrinsic circumstances may incline. This Court will presume that the Circuit Court was correctly influenced by such extrinsic circum-

stances, in deciding on an application for a new trial.   The appellants first rely, that the Circuit Court erred in overruling their motion for instructions to the jury, as stated in their second reason for a new trial.   Whether the case warranted such (15) instruction or not, is not a question properly presenting itself here.   It is, certainly the duty of the Circuit Courts to instruct the jury on all principles of law which may be applicable to the facts in evidence before them, and to refuse to do so, is error; but the refusal to instruct must appear in the record, by bill of exceptions, to enable this Court to correct it.   In this case, the appellants have twice omitted to avail themselves of this error, (if one exists,) as they might have excepted at the time the instruction was prayed, and having assigned it as a reason for a new trial, might have incorporated it in the bill of exceptions taken to the judgment of the Court on that motion.   The record does not shew that such instructions ever were prayed, any more than the assignment of any other fact, as a reason for a new trial is evidence that such fact exists.   It now only remains to determine, whether the Court erred in refusing to grant a new trial upon the evidence, as set forth in the bill of exceptions, wherein it appears that the plaintiff, in the Circuit Court, adduced evidence, on his part, sufficient to warrant a verdict for him, and the defendants adduced evidence on which the jury, (if they believed it,) might have found a verdict for them.   If the Court had been called on for instruction on this state of the evidence, the most favorable which could legally have been given for the defendants, would have been, that if the jury gave credit to the witness on the part of the defendants, it would warrant a verdict for them; and under such instruction, the jury would have been the exclusive judges of the credibility of the witness; and this Court must presume that the judge discharged his duty, in instructing the jury correctly on this subject, as the bill of exceptions does not shew the contrary.   The judgment must, therefore, be affirmed, with costs.

(16)                     HANLY *v.* DEWES.

Where a suit is against five persons, and only one is served with process, and judgment by default is taken against all, the judgment may be amended at the next ·term.   Mistakes and misprision of the Clerk may be amended at any time.